## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Dairyland Insurance Co.

v.

Herman Douglas Chapman et al.

July 31, 1973

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today in favor of the plaintiff declaring that the policy it issued herein to Herman Douglas Chapman does not provide liability insurance protection to him for any claims against him for damages by Albert Lee Sechrist, Jr., David W. Sechrist or Angelyn Tucker Sechrist arising out of the accident of October 31, 1969.

The findings of fact made on November 13, 1972, after the hearing of the evidence are: that the day following the aforesaid accident, Chapman contacted Jackson Stamper, the plaintiff's agent, in regard to obtaining insurance coverage for a 1968 Chevrolet Camaro; that Chapman disclosed to Stamper that he had been involved in an accident on the day before, October 31, 1969; that Stamper filled out the application (plaintiff's exhibit 1) dating the same with an effective date of October 30, 1969; that Chapman signed the application knowing that it contained an effective date for liability insurance to cover the vehicle aforesaid of October 30, 1969; that on November 3, 1969, a check in partial payment of the premium was handed to Stamper who dated the check October 30, 1969; that said check was made payable to Frances Crowder, another agent of the plaintiff, and forwarded to her with the application and a premium finance agreement on November 3; that the aforesaid documents were received by Crowder on November 4, 1969, and she executed the application

and agreement that day and forwarded the same to the plaintiff along with her check for the premium; and, at the time Crowder executed the application and agreement, she did not know or have reason to believe that the application forwarded to her with an effective date of October 30, 1969, had, in fact, been taken by Stamper on November 1, 1969.

The defendant Home Indemnity Company was served under the provisions of Code Sec. 38.1-381 in the actions brought by the claimants Sechrist as the insurer of Downs, the operator of the vehicle in which the Sechrists were riding. It takes the position in this proceeding that Stamper had the power and apparent authority to bind the coverage on the Chapman vehicle and to waive any defenses or reasons then known to him affecting the said policy and that the plaintiff is estopped to deny the validity of the said policy as the result of Stamper's actions.

The issue, then, is whether under the facts as found herein the plaintiff is estopped from denying liability under the policy.

The decision of this action in favor of the plaintiff is governed by the fundamental principles of the law of agency as applied to the subject of automobile insurance. The rule is well established that notice to and knowledge of the agent while acting within the scope of his authority is notice to the principal, 1A M.J. *Agency* Sec. 92, p. 517. Therefore, notice to Stamper of the prior accident and the knowledge of Stamper that the application had been dated to show an effective date prior to the accident was notice to the plaintiff. The reason for this rule "is that an *innocent* third party may properly presume the agent will perform his duty and report all facts which affect the principal's interest." *Mutual Benefit Ass'n.* v. *Ratcliffe*, 163 Va. 325, 336 (1934) (emphasis added) quoting *Mutual Life Ins. Co.* v. *Hilton-Green*, 241 U.S. 613, 36 S. Ct. 676, 680, 60 L. Ed. 1202 (1916).

But this rule is subject to the qualification that when the third party knows there is no foundation for the ordinary presumption, that is, when he is acquainted with the circumstances plainly indicating that the agent will not advise his principal, the general rule has no application. *Ibid.* See also 1A M.J. *Agency* Sec. 95; 3

Am. Jur. 2d *Agency*, Secs. 282 and 286, pp. 644 and 648, ftns. 17 and 13 respectively. See also *New York Life Ins. v. Eicher*, 198 Va. 255, 260 (1956). Compare *Reserve Life v. Ferebee*, 208 Va. 556 (1961).

The case of *Lewis* v. *Bertero* 88 P.2d 433 (Wash. 1939), relied on by the plaintiff, involved the back-dating of an application for automobile insurance wherein the insured and the agent were guilty of collusion and fraud. The court quoted from 2 Mechem on Agency (2d Ed.) Sec. 1826 and stated:

> Fraud vitiates every contract into which [the principal] enters, and the rule of law which imputes to the principal the knowledge possessed by the agent does not apply where a fraud has been committed by collusion of the agent with the insured . . . .
>
> The rule which imputes to the principal the knowledge of his agent is, as has been seen, commonly based upon the legal presumption that the agent has done his duty by communicating it to his principal -- a presumption which, it is said, is demanded by a sound public policy for the protection of those who deal with the agent. Obviously no policy requires that such a presumption shall be made for the protection of a person who has conspired with the agent to defraud the principal and who now seeks the benefit of a presumption that a duty has been performed which he himself was interested in having violated. 88 P.2d at 438.

Here the facts clearly show that Chapman and Stamper colluded to attempt to obtain coverage for Chapman for an accident which had already happened thus defrauding the plaintiff.

The defendant insurer relies on the recent case of *Maryland Casualty Company* v. *Craig*, 213 Va. 660 (1973) to sustain its position. There are significant differences in the facts in that case from those in the case at bar. The main distinction is that here the loss had already occurred at the time of the attempt to obtain coverage

522

for the loss. In *Craig*, the loss had not occurred when the coverage was bound.

In view of what has been said herein, the Court does not reach for decision the question of whether Code Sec. 38.1-336 applies here.